*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2013-107

JULY TERM, 2013

In re A.N., Juvenile

} APPEALED FROM:

} 

} Superior Court, Franklin Unit,

} Family Division

} 

} DOCKET NO. 130-10-11 Frjv

Trial Judge: Martin A. Maley

In the above-entitled cause, the Clerk will enter:

Father appeals the termination of his parental rights with respect to his daughter, A.N. We affirm.

A.N. was born in April 2000, shortly after father was convicted of crimes arising out of his sexual intercourse with a twelve-year-old girl. He was sentenced to serve five years to be followed by a period of probation. The mother, who has mental health issues, had three more children with another man while father was incarcerated. For the first five years of her life, A.N. saw father only at prison visits. In 2005, the family moved from Connecticut to Vermont after being investigated by the Connecticut child protection agency. In 2006, the family came to the attention of the Vermont Department for Children and Families (DCF) as the result of reports of abuse and neglect.

Father was released from prison in 2005 but was sent back for six months in 2006 after violating probation conditions. Father returned to prison again in 2008 after violating probation conditions, including the condition that he complete sex offender treatment. He remained incarcerated for two and one-half more years. Between 2005 and 2011, father had contact with A.N., in violation of his conditions of probation, while she was staying with his parents. At some point during this period, father moved to Maine and failed to register as a sex offender, resulting in another year in jail. He was released in January 2013.

Meanwhile, in October 2011, DCF filed a petition to adjudicate A.N. as a child in need of care and supervision (CHINS) due to the ongoing abuse and neglect in the home. The petition was granted in December 2011, based on the mother's and father's admissions. In April 2012, following an uncontested disposition hearing, the superior court adopted a disposition plan that set forth concurrent goals of adoption or reunification with a parent. The plan included a

requirement that father participate in a psychosexual evaluation to assess his risk to reoffend. He failed to do so. In October 2012, DCF filed a petition to terminate the mother's and father's parental rights. One month later, mother voluntarily relinquished her parental rights to A.N. After a termination hearing held in February 2013, the superior court terminated father's parental rights.

Father appeals the superior court's termination decision, arguing that no evidence supports the court's finding that he poses a clear risk to A.N. because of his status as an untreated sex offender. He notes that his previous sex offense convictions involved an unrelated twelve-year-old girl and that "[a] sex offender with a sense of the incest taboo may not be at risk to his own child that he is to children in general." According to father, the mere fact that he is an untreated sex offender does not demonstrate that he is a danger to his own child. He points out that he has had contact with A.N. over the years and yet there is no evidence of any inappropriate conduct on his part towards her. A.N. agrees with the superior court's order terminating father's parental rights.

We find no merit to father's argument. The superior court found that father is a convicted sex offender who has refused not only sex-offender treatment but also to be part of any assessment of his risk to reoffend. The court concluded that, given these facts, father posed a risk to A.N. The court also found that father has been incarcerated most of A.N.'s life, and that A.N. fears him and does not want to live with him because of his temper. The court concluded that father would not be able to resume his parental duties within a reasonable period of time, and that A.N. could not wait any longer for father to show signs of being ready and able to care for her.

Father's untreated sex-offender status and his refusal to participate in an assessment of his risk to A.N. plainly supported the court's conclusion that he poses a risk of harm to her. Father acknowledges that, at minimum, his untreated sex-offender status poses the risk that he will reoffend with respect to the general community. Father posits, essentially, that despite his prior sex offense against a child and lack of treatment or assessment, he should be presumed to adhere to a taboo against incest. No evidence supports this claim in this case.

Otherwise, father has been incarcerated for most of A.N.'s life and thus has not developed a close relationship with her. In fact, she remains fearful of him. The court found that A.N. had made much progress in foster care after a difficult childhood and was in immediate need of a safe and stable environment.

The record amply supports the court's conclusion that father would not be able to provide such an environment within a reasonable period of time from the perspective of A.N. See In re A.F., 160 Vt. 175, 178 (1993) (stating that findings of fact will stand on appeal unless clearly erroneous, and conclusions of law will be upheld if supported by findings).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice